**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**SANCHO MCKENZIE,
A# 204-736-133,**

    **Petitioner,**

**vs.**                                                          **Case No. 4:19cv462-MW-CAS**

**WILLIAM BARR, et al.,**

    **Respondents.**
_____/

**REPORT AND RECOMMENDATION**

Pro se Petitioner Sancho McKenzie was required to submit an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 6. The Order advised Petitioner that because he failed to sign his original habeas petition as required by Rule 2(c)(5) of the Rules governing habeas cases, his petition, ECF No. 1, was insufficient and service could not be directed. Petitioner was given until January 3, 2020, to comply. *Id.*

Although Petitioner did not comply, he submitted a letter requesting case information. ECF No. 5. Another Order was entered which advised Petitioner that no further action could take place in this case until a signed

petition was received.  ECF No. 7.  Petitioner was required to submit an amended habeas petition with two identical copies for service purposes no later than **January 24, 2020**.  *Id.*  As of this date, Petitioner has not complied with that Order and it appears that Petitioner has abandoned this litigation.  Plaintiff was warned that if he failed to comply, and Order would be entered to dismiss this case.  *Id.*  Dismissal is now appropriate.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order.  See Ciosek v. Ashley, No. 3:13cv147/RV/CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015).  The Supreme Court has held that "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs . . . . " Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005));  *see also* N.D. Fla. Loc. R. 41.1.  Because Plaintiff did not comply with a Court Order and has failed to prosecute this case, dismissal is now appropriate.

### Recommendation

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on February 4, 2020.

    S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**